CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES E. BLAIR, | ) | |
|    Petitioner, | ) | Civil Action No. 7:07-cv-00591 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HARRISONBURG CIRCUIT COURT, | ) | By: Samuel G. Wilson |
|    Respondent. | ) | United States District Judge |

Petitioner Charles E. Blair, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Blair is challenging his September 6, 2007 convictions of two counts of being drunk in public and one count of obstructing justice and the resulting three-year and six-month sentence imposed for violating the terms of his probation. As grounds for relief, Blair alleges that the state court's sentence is excessive and that the court did not consider his mental illness at sentencing. The court finds that Blair has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

According to Blair's petition, on September 6, 2007, after pleading guilty to an obstruction of justice charge and not guilty to two charges of being drunk in public, Blair was convicted in the Rockingham County Circuit Court of all three counts. It appears from Blair's complaint that the court found that these convictions were violations of his previously imposed probation and sentenced him to a total of three years and six months for those violations. Blair claims that he filed a motion for sentence reduction in the sentencing court, which that court denied in September 2007. Blair concedes that he did not seek review by a higher state court. In his federal habeas petition, Blair appears to be arguing that his state court sentence is excessive and that the state court failed to take his mental illness into consideration during sentencing.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row inmate ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, Blair concedes that he has not presented his claim on direct appeal to the Supreme Court of Virginia, and state court records indicate that he has not filed a state habeas petition in any court. Accordingly, the court finds that Blair has not exhausted his state court remedies as required and, thus, dismisses Blair's petition without prejudice for failure to exhaust state court remedies.

## III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 20th day of December, 2007.

United States District Judge